Next matter, number 181618 and number 181684. Maria Suarez-Torres et al. versus Panaderia y Reposteria Espana Incorporated et al. I apologize. Good morning. My name is Jose Velez. I represent Maria Suarez-Torres and Alberto Medina Rodriguez. They are the appealants. This case involves two consolidated appeals. One of them presents the question, who is the prevailing party in this action? And the second appeal presents the question, did the district court correctly found that the defendant of police comply with the law, specifically the regulations of the ADA? I'll briefly describe the procedural background because it is very relevant here. I'll do it very quickly. The complaint alleged that a large bakery known as Panaderia Espana is not in compliance with the ADA and its regulations, specifically that there are ADA issues at the restroom, parking lot, access road, calendar. And there's also a policy issue involving the restroom. I'll address that later. In response to the complaint, it was an ordinary case. The scheduling order took place. There was a joint site inspection. I don't want you to lose the time that you have, but if I understand it, you want to challenge the attorney's fees ruling and you want to challenge the Rule 60 ruling or the motion to reopen ruling? Is that right? Yes, I'll go directly to that, Your Honor. On the attorney's fees point, you have to be a prevailing party. And my understanding from the Hutchinson and Smith cases in this circuit is that you can't be a prevailing party if all the court orders the defendant to do is to comply with something that the defendant has agreed to do voluntarily. So why isn't that situation here? Okay. The opposing party moved for summary judgment in support of this motion. It filed an expert report. It filed statements. But the fail ever was that they represented the district court that the corrections in compliance, they were going to be done soon, but they were never completed. Then 273 days later, the district court specifically said that the record is not supported, finding that the issue is smooth. But all he was ordering was that they do what they agreed to do voluntarily, right? No, I will say they say it wasn't. It was not an agreement. It was they claimed that they were going to be in compliance, but they were not. And the court said they it said it is a page. They represented that they would do particular things to achieve compliance with the ADA, right? And the court's order did nothing more than tell them that they should do what they'd already said they would do. What they say that they will do, but they did not do it. They just made a promise. And this promise was not that. But for purposes of the prevailing party, I think what I could ask you about is not what did they do in response, but what did the court order them to do? And why does what the court ordered them to do constitute the kind of judicial imprimatur that would make them a prevailing party? Correct. On January 23rd, 2018, the court specifically directed the opposing party to comply with the ADA. And it was after that ruling that the opposing party hired an expert. It is in the record appendix space to territory. And they did the inspections on. It was in March, April and May. And it was after that order. It hadn't found that they were not in compliance. Yes, they were. On January 23rd, the court said specifically that they were not in compliance, that the report that they filed in support of the motion for summary judgment that subverted the finding that they were not in compliance. We're not in compliance with what they promised to do, but he didn't make a determination that they're not in compliance with the ADA. Right. Well, they specifically pointed violations to the ADA standards for accessible design. And they were specific sections that were in violation. And they say, we are going to fix this soon. And that they didn't comply. It was not until the court said on January 23rd, 2018, that they took the affirmative steps to comply with the order of the court. And was it at that point that it granted the motion for summary judgment or had it granted it sooner? I forget. When is the motion for summary judgment granted? It was not granted. The court said that even though it was unopposed. Yes. All right. It was. It was baseless. So the court evaluated the record and found that. But are you I'm just are you trying to ask us to construe that second order as implicitly a finding that they had not been in compliance with the ADA and now were. No, it is the first order in response to the motions for summary judgment. Summary judgment. The court said you're not in compliance. You should complain with the ADA. Well, I think in part, we're in what way did the court engage with the merits of the claim that the merits being that they're not in compliance with the ADA? I mean, that you have to be able to show that the court did engage with the merits, make some judgment about the merits of the case. Where is the evidence that the court ever did that? I mean, for example, in our Hutchinson case, which I think you're trying to suggest that this is sort of analogous to a situation where there was a settlement agreement somehow incorporate there's some kind of settlement that's incorporated in the court order. We pointed out there that the court actually said this is court looked at the looked at the agreement said this is this is fair and just it passed judgment on the merits of the issues. Well, in response to the motion for summary judgment, the court evaluated the record, evaluated the expert report, the specific sections that were at issue, and it found that there was no compliance at that time. Even though it was an unopposed motion for summary judgment, it declined to grant it. And you're saying that's because it must have been doing some independent evaluation of whether it complied with the ADA. Is that the idea? Yes, the substance of the order, regardless of whether it was denied or not, the substance says it's a direct order to the opposing party. And it says you shall comply with the ADA. It says defendants are hereby ordered to submit evidence of the completion of the changes to the design of the business establishment that will make it fully compliant with all applicable standards under the ADA. That's the relief that my clients were seeking. So the will make it, you think, is the future tense notion of will make it is a way of reading it to say it wasn't prepared to conclude absent that further action by the defendant that it was in compliance with the ADA at that time. It wasn't in compliance. Yes, and the court specifically made that finding. They say you just promised that you will do it in the future, but there's no evidence that you actually did it. But that's not a finding that was not in compliance with the ADA. I mean, the district court seems to be accepting the defendant's expert's statement that such and such is necessary to bring it in compliance, and he's ordering that to be done rather than making an independent determination of what's necessary. Well, that's not our reading of the, from our perspective, this was a clear mandate. It was to do what we were requesting. We were requesting ADA compliance, and after that... What would happen if they, in your view, in response to that order, what would have happened if the defendant did not comply? Well, what happened, what actually happened, in fact, was that seven minutes later... Your understanding of that order is such that a failure to comply with it would have triggered contempt? What do you think would have been a consequence of not complying with that order? I will say that, yes, there will be contempt. I will move for an order to compel. That will be the remedy. But immediately after the court entered that order, the court set a status conference for two days later, and there, the opposing party agreed to comply within specific deadlines. To comply with what they represented they will do about 275 days before. And the record shows that after that order by the court, they took the steps in compliance. It was not a voluntary act. They didn't change their position as a result of a change of heart. It was as a result of that order regarding the merits of the action. Thank you. There is a... Yeah, time's up, unless either of you had... May it please the Court, Your Honors, my name is Attorney Jose Enrico Valenzuela, representing Defendants Appellees in this case. Good morning to all the members of the Court. May it please the Court. This case is the first one brought by an appellant, in this case, regarding attorney fees issues as to ADA. This is the first case that will be tried in the first circuit regarding as to this matter. The issue here is whether or not there is a prevailing party because of the voluntary action. Commitment and compliance of a business owner that, in fact, that's what happened. So if we try to understand the report of this case or the background, procedural background, we must point out simple situations that happened here. At first, in Docket 78, on February 7, 2018, there was a request for dismissal without prejudice at a conference, a status conference with the Court. Then, right after that, the judgment was issued on February 20, 2018, which is Docket 80. Right there, the defendants agree with the Court to make the final completion of the repairs of regarding with the ADA, but it was done voluntarily. In that hearing and afterwards, in their motion requesting formally the dismissal without prejudice, the plaintiffs argued that they were fully satisfied with the voluntary commitment to comply with the ADA. It is thereafter that they file, on June 4, 2018, a lengthy motion asking for attorney fees for a total amount of $30,500, approximately. So the question is, why we should punish a local business owner who has committed a crime? Why we should punish a local business by complying with the law? There's no standard whatsoever defined clearly, neither by the First Circuit or the Supreme Court of the United States, regarding as to what should be done to comply with the ADA. Well, just focusing on that, the order that your opponent's focusing on. Yes. Which is, that's in response to your unopposed motion for summary judgment, right? Correct. And how do we understand, since it's an unopposed motion for summary judgment, the district court doesn't just grant it, notwithstanding the lack of opposition. But it denied without prejudice the summary judgment. And that's a very important subject that we must point out. Going back to that summary judgment, back there, since we were not clear as to what the law requires to comply, we took some other measures, like, for example, delivery. What I'm just curious about is, you have an unopposed motion for summary judgment. Correct. The district court seems to deny it without prejudice, pending you making certain changes to comply with it, at which point it then grants the motion for summary judgment. No, it never happened. That's precisely the big issue here. Because procedurally speaking, what we were allowed to do afterwards was to file a motion for summary judgment renewed to say that the situation turned moot. And then we have another different arena here. But broader counsel opted for voluntarily dismiss without prejudice the federal law claims and with prejudice the state law claims. Once he did that and he said that he was fully satisfied with the proceeding... What happens to the motion for summary judgment? What did the district court ultimately do with the motion for summary judgment? It was denied without prejudice. It was never renewed. It was never filed again since we proceeded with the plan of reconstructing the whole area that was apparently not compliant with ADA. We are talking about inches here. And we did. Right after he said that he was satisfied with our proposed reconstruction, then he filed a $32,000 attorney fees memorandum with cost. So what's the real motive of filing these kind of complaints? And to add insult to the injury, after we finally complied with this, the court did in fact recognize via order that we in fact comply. And... Counsel, you fill your briefing with allegations about the way in which opposing counsel is pursuing these claims. There are a lot of claims like this, as you point out. What are you, in pointing all of that out, what are you asking us to do? Are you asking us to sanction? No, Your Honor, I just asked for... Why do you spend all that time talking about all these other cases? Because that's my responsibility, Your Honor, and this is a court of law. I'm sorry? This is a court of law, and my responsibility as an attorney is to say what is going on with all these 195 cases filed by the same plaintiff almost, with different local businesses. That they are complying, in this case my client. And regardless of that, we have to also pay for attorney fees when the procedural background shows that nothing happened. And it was not litigated at all. It was even motions for lack of prosecution were also filed. The motion for summary judgment was granted, I mean denied without prejudice, but as opposed. And then the Rule 60 motion, which is a business as usual motion that you do when you are not satisfied with some judgment, it was not filed either. So here we are talking about dollars and cents, not about compliance, and that's what really hurts. And that's what really hurts the eye of any single individual. But the question is whether they are a prevailing party. And as to that, the question is simply whether you were... How much the judge did with respect to the merits of whether there was a violation of the ADA. In the Fifth Circuit Maraglia case, if I understand that case, it goes to trial. They voluntarily dismiss... The defendant moots out the case by complying before trial. Now, the court there concludes because the district court exercised continuing jurisdiction over the matter, that was enough to make them a prevailing party. How is that different in this case? Yes, Your Honor, it's different because that case went to trial, but they filed the moot argument because they comply with the ADA requirements. But up until that point, the district court there had no more passed on the merits of the matter than the district court in this case had. And they didn't automatically grant the carte blanche motion for attorney fees. The same case... But it concluded they were a prevailing party. Yes, they were a prevailing party because they litigate the case, they prosecute their case, and they go all the way to trial. But in this situation, there was not even an opposition to summary judgment. There was not even an opposition to our motion in compliance with order that specifies with an expert all the compliance with ADA by the local business that approximately cost like $45,000. So if we file and if we comply, why do we have to make the work of a person that wants attorney fees if we did the correct thing that we must do? And even if we understand the case of Micraglia, it says at page 567, the most critical factor that a court should look to in reducing a fee is the degree of success obtained. Here we don't even know what kind of degree of success we are talking about because it's not even explained in the motions. It's not even, it was not even asked through a Rule 60 motion or to alter judgment. So here we have been punished by compliance with the ADA. Counsel, your brother cited language at the end of Judge Perry Mez's decision of January 23, where the judge says defendants are hereby acquitted. Before I submit evidence of the completion of the changes to the design of the business establishment, it would make it fully compliant with all applicable standards and guidelines under the ADA. I mean, I gather he would read that to say that there is now a court-imposed requirement that your client meet the standards of the ABA. And he would say, suggesting that absent these remedial steps that it said it would take, it was not in compliance with the ADA. Is that not a fair, and he would then say, that represents a judgment on the merits of his claim that your client was not in compliance with the ADA. What's wrong with that reading of that language? That's a great, that's an excellent question. But it must be noted that since the motion for summary judgment was filed, and although it was denied without prejudice, there we submitted that we were going to make the repairments. So if that was what was done and it was not objected or neither contradicted because the motion for summary judgment wasn't opposed, then there is no doubt that we, in fact, comply as in Docket 99, the same court recognized our compliance with the ADA of Docket 99, which is in July 12, 2019. So we were never here disputing whether or not we have to comply with the law. We said in the motion for summary judgment, and we stated clearly that we were going to be doing a reconstruction, a reconstruction plan, but at that time, since we were Christmas going on and Thanksgiving, our business deals with that, and it was very difficult to do at that time. What's your view of the significance of that order if you had not taken those steps? Anyhow, we were going to comply. I know that, but as a legal matter, what did you think you were bound to do in consequence of the order, apart from what you were going to do anyway? I was going to file a motion for summary judgment renewed with a mootness grounds argument, but it didn't happen. He voluntarily said that he was satisfied with our plan. In that event, Your Honor, if we were going to file a renewed motion for summary judgment... And so if you were not in compliance, then you would have had it denied. That would be the expectation. Correct. That will be all, Your Honor. Any other questions? No? Thank you.